

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00389-CR

JUSTIN CLINTON BURKETT                                                      APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
### TRIAL COURT NO. 10761

----------

## MEMORANDUM OPINION[1]

----------

Appellant Justin Clinton Burkett appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt, sentencing him to twenty-five years' confinement, and assessing a $750 fine.  We will affirm.

A grand jury indicted Burkett for aggravated sexual assault.  Pursuant to a plea-bargain agreement, Burkett pleaded guilty to the lesser-included offense of

----

[1]See Tex. R. App. P. 47.4.

sexual assault, and the trial court deferred its adjudication of his guilt and placed him on community supervision for seven years. The plea-bargain agreement included a handwritten admonishment that if Burkett were adjudicated guilty of sexual assault, he would be subject to the punishment range of a first-degree felony as noticed in the "State's Notice To Enhance Punishment"; Burkett initialed beside the admonishment.

A month later, the State filed a motion for the trial court to adjudicate Burkett's guilt. The State alleged that Burkett had violated the terms of his community supervision by failing to abstain from the use and possession of any narcotic or habit-forming drugs or controlled substances because his April 19, 2017 saliva sample tested positive for amphetamine, methamphetamine, and benzodiazepines—nordiazepam. The State later amended its motion to add additional violations related to the use of narcotics and to add that Burkett had violated the condition of his community supervision prohibiting a violation of any law of the State of Texas. Burkett pleaded true to the allegations. After hearing evidence in a unitary proceeding, the trial court revoked Burkett's community supervision, adjudicated his guilt of sexual assault, found the enhancement to be true, sentenced him to twenty-five years' confinement, and assessed a $750 fine.

Burkett's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See*

2

386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Burkett of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Burkett's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Burkett the opportunity to file a response on his own behalf, but he did not do so. The State has not filed a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; SUDDERTH, C.J.; and MEIER, J.

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 5, 2018